IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KARL LITTELL, ) | |
| ) | No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Karl Littell, by and through his attorneys, for his Complaint against Defendant United States of America alleges:

1. Plaintiff Karl Littell ("Plaintiff") is now and was at all times herein mentioned a citizen of the United Stated and resident of Doniphan, Missouri, located in Ripley County, Missouri.

2. Plaintiff received medical care and treatment at the John J. Pershing Veterans Administration Medical Center ("VA Hospital") located in Poplar Bluff, Missouri, in Butler County, Missouri.

3. This is a claim under the Federal Tort Claims Act ("FTCA"), pursuant to 28 U.S.C. §1346 (b) and 28 U.S.C. §2671 et seq. for personal injuries sustained by Plaintiff.

### Jurisdiction

4. Plaintiff alleges that agents, servants, and employees of the VA Hospital negligently treated Plaintiff, causing personal injuries and damages, as more fully set forth below.

5. Plaintiff alleges that the agents, servants, and employees were acting within their scope of employment for the United States Government when they negligently treated Plaintiff, causing personal injuries and damages, as more fully set forth below.

6. On or about December 4, 2012, Plaintiff filed an administrative Federal Tort Claim regarding Plaintiff's personal injuries which was within two years after the claim occurred pursuant to 28 U.S.C. §2401 (b). A copy is attached hereto as Exhibit A.

7. In July, 2014, Defendant VA Hospital offered a settlement offer of a total of forty-five thousand dollars ($45,000.00).

8. On or about August 4, 2014, Plaintiff rejected the settlement offer.

9. Plaintiff now timely files this suit pursuant to 28 U.S.C. §2675 (a).

10. Jurisdiction of this Court is founded upon the provisions of 28 U.S.C. §1346 (b)(1) and 28 U.S.C. §2671 et seq.

## Venue

11. Venue is proper in the United States District Court, Eastern District of Missouri, pursuant to 28 U.S.C. § 1402 (b) in that Butler County, where Plaintiff was injured, and Ripley County, where Plaintiff resides, are both within the judicial district of the Eastern District of Missouri, Southeastern Division.

## General Allegations

12. On or about May 5, 2010, Plaintiff presented to VA Hospital with pain and numbness on the right side of his face.

13. On or about May 5, 2010, Plaintiff was prescribed antibiotics and a CT scan and MRI were ordered.

14. On or about June 3, 2010, the MRI noted several areas of abnormal signal intensity and a neurology consult was recommended.

15. On or about June 22, 2010, Dr. Choudhary of the VA Hospital observed Plaintiff having right mastoiditis and facial pain.

16. On or about July 18, 2010, and July 19, 2010, Plaintiff presented to the VA urgent care due to both unbearable face and ear pain.

17. On or about July 19, 2010, Plaintiff had reddening in his right external auditory canal.

18. On or about November 13, 2010, Plaintiff returned to the VA Hospital yet again with a headache, facial pain, facial numbness, and a hyperemic right ear.

19. On or about November 16, 2010, Dr. Choi at the VA hospital observed Plaintiff's facial numbness, pain, and episodes of hearing loss.

20. On or about November 22, 2010, Plaintiff again appeared at the VA Hospital with intense facial pain and tingling and with a red and dull left tympanic membrane.

21. On or about January 10, 2011, Plaintiff presented to the VA with intense head and facial pain on the right side of his face.

22. From May 5, 2010, to January 10, 2011, Plaintiff was more than persistent in seeking medical treatment.

23. From May 5, 2010, to January 10, 2011, the VA Hospital failed to include nasopharyngeal cancer in Plaintiff's differential diagnosis.

24. Finally, on or about April 21, 2011, Plaintiff, via referral, went to Barnes-Jewish Hospital.

25. Within days, Plaintiff was diagnosed with nasopharyngeal cancer.

26. Given the delayed diagnosis, Plaintiff had to undergo extensive chemotherapy and radiation treatment.

27. Given the delayed diagnosis, Plaintiff suffered from short term memory loss, loss of his left eye, general vision problems, hearing problems, speech problems, lack of saliva, and corneal ulcers, as well as multiple other problems as discussed in his ongoing medical records.

28. Given the delayed diagnosis, Plaintiff has undergone significant pain and suffering, emotional distress, loss of normal life, disfigurement, and lost wages.

29. At all times herein mentioned, Defendant was acting by and through its agents, servants, and employees, which agents, servants and employees were acting in the scope and course of their employment with the Department of Veterans Affairs and/or the Department of Health and Human Services, both federal agencies as defined in 28 U.S.C. §2671.

30. The acts and omissions of the Department of Veterans Affairs and/or the Department of Health and Human Services were those of its agents, servants, and employees who were acting in the scope and course of their agency, service, and employment for Defendant.

## Count I: Medical Malpractice

COMES NOW Plaintiff for Count I of his Complaint against Defendant, states as follows:

31. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs one through thirty (30) as though fully set forth herein.

32. During the course of Plaintiff's medical care and treatment by Defendant, Defendant owed a duty to Plaintiff to use that degree of skill and learning ordinarily used by skillful, careful, and prudent members of the medical profession in providing medical services.

33. Defendant breached its duty to Plaintiff and were thereby negligent in failing and omitting to adequately and properly treat Plaintiff in the following respects, to wit:

    a. Defendant failed to properly evaluate Plaintiff's medical condition;

    b. Defendant failed to make a differential diagnosis;

    c. Defendant failed to properly diagnose Plaintiff;

    d. Defendant failed to conduct the proper diagnostic tests and exams;

    e. Defendant failed to provide the proper medications;

    f. Defendant failed to properly treat Plaintiff's symptoms;

    g. Defendant failed to order proper consultations;

    h. Defendant failed to order and/or provide proper follow-up care;

    i. Defendant failed to timely recognize that Plaintiff's pain was attributable to nasopharyngeal cancer;

    j. Defendant discharged Plaintiff despite his same and worsening conditions;

    k. Defendant failed to hold Plaintiff for monitoring and observation despite his same and worsening conditions;

    l. Defendant failed to timely recognize and diagnose Plaintiff with nasopharyngeal cancer;

    m. Such other and further acts and omissions as the evidence and discovery will reveal.

34. As a direct and proximate cause of the negligence of Defendant, Plaintiff sustained permanent injuries; he has suffered from short term memory loss, loss of his left eye, general vision problems, hearing problems, speech problems, lack of saliva, and corneal ulcers; he has suffered severe pain and discomfort and will continue to suffer pain and discomfort in the future; his ability to work, labor and enjoy the ordinary pursuits of life has been permanently

impaired and diminished; he has suffered mental and emotional anguish, frustration, anxiety, and will continue to suffer the same in the future.

35. As a direct and proximate result of the aforesaid occurrences, the negligence of Defendant, and the resulting injuries, Plaintiff was required to undergo chemotherapy and radiation treatment and was caused to incur or become indebted for such medical care and treatment, and he will require further care and treatment in the future for which he will become further indebted.

36. As a direct and proximate result of the aforesaid occurrences, the negligence of Defendant, and the resulting injuries, Plaintiff has lost wages, earnings, income and the capacity to earn income, and he will continue to lose wages, earnings, and income and a loss of earnings capacity in the future.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant, for his costs expended, and for such other relief as is just and reasonable.

Dated this 24th day of October, 2014.

    Respectfully Submitted,
    ROSSITER & BOOCK, LLC

By: /s/ Zachary R. Pancoast
Zachary R. Pancoast, #49651
124 Gay Avenue
St. Louis, MO 63105
314-754-1500
314-863-5151 (facsimile)
zpancoast@rossiterboock.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2014, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Richard Callahan
United States Attorney
Rush H. Limbaugh, Sr. US Courthouse
555 Independence Street
Cape Girardeau, MO 63703

    /s/ Zachary R. Pancoast